STATE ex rel. WM. GRIFFIN and others v. JOSEPHINE GRIFFIN and others.

The finding of the jury on an inquisition of forcible entry and detainer before a Justice of the Peace, cannot be traversed in the Superior Court, to which it had been carried by recordari. If there has been an irregularity, or error in law in the proceedings, or if the verdict of the jury be insufficient to support the judgment of the Justice, it will be quashed.

(Sherill v. Nations, 1 Ired. 365, cited and approved.)

This was a proceeding on an inquisition of FORCIBLE ENTRY and DETAINER, removed from a Justice's Court to the Superior Court of ROBESON county, where it was tried before Clarke, J., at the Special January Term, 1874.

The facts necessrry to an understanding of the point decided are stated in the opinion of the Court.

On the trial below his Honor denied the motion of the defendant, that she be permitted to traverse the finding of the jury before the Justice, whereupon the defendant appealed to this Court.

N. A. McLean and Leitch, for appellant.
Strange and W. F. French, contra.

RODMAN, J.   On 25th of April, 1867, the defendants, Josephine Griffin and others, applied to the Hon. Daniel G. Fowle, a Judge of the Superior Court, for a recordari to require one Britt, a Justice of the Peace, to return to the Superior Court of Robeson county the proceedings upon an inquisition of forcible entry and detainer, wherein William Griffin and Allen Griffin were complainants against the said defendants. The error assigned in the proceedings was that said William and Allen were not entitled to the possession of a certain mill by title in fee simple, as in the proceedings they had alleged and a jury had found, but that Josephine Griffin, one of the defend-

ants, was so entitled, and that further the defendants had forcibly entered upon and detained the premises. The Judge issued the order asked for and upon the return of the proceedings before the Justice, the case was continued until the Special Term of Robeson Superior Court in January, 1874, when the defendants moved for leave to traverse the findings of the jury before the Justice, which his Honor, CLARKE, J., denied, and affirmed the judgment of the Justice, from which the defendants appealed. It has been held that no appeal lies from the order of a Justice in proceedings under the statute of forcible entry and detainer, (Rev. Code, chap. 49,) because the proceedings are intended to be summary and the judgment of restitution cannot be stayed as it would be by an appeal. A *certiorari* may be obtained to bring up the record to the Superior Court. But the facts found by the jury will not be tried over again. If there has been an irregularity or error in law in the proceedings, or if the verdict of the jury be insufficient to support the judgment of the Justice, it will be quashed. *Sherrill* v. *Nations,* 1 Ired. 365.

We have examined the record of the proceedings before the Justice of the Peace and perceive no error in them, and none was pointed out in this Court.

It was suggested in this Court, that as the Justice would not now have jurisdiction, his proceedings in 1861, when he did have jurisdiction, ought not to be affirmed. They require no affirmation ; they stand good until quashed or reversed.

We think there was no error in the judgment of the Superior Court.

PER CURIAM.                    Judgment affirmed.